Kevin R. McCarthy, VSB No. 14273
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261 (Phone)
703-770-9263 (fax)
krm@mccarthywhite.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In re:                                            \*

OASIS VINEYARDS,              \*        Case No. 08-17750-RGM
                                          \*        (Chapter 7)
                  Debtor(s).      \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRUSTEE'S OPPOSITION TO MOTION TO DISMISS OR STAY
FILED BY TAREQ SALAHI

Kevin R. McCarthy, Trustee, opposes the Motion To Dismiss Or Stay filed by Tareq Salahi ("Salahi") for the reasons stated below.

Salahi states that he is a majority shareholder of the Debtor by reason of a power of attorney from his father Dirgham Salahi, a position that is disputed by his mother Corinne Salahi. Regardless of the merits of that dispute, when the Debtor filed its Chapter 11 petition on December 11, 2008, Salahi received notice of the Debtor's bankruptcy. D.E. 11, dated December 18, 2008. Similarly, when the Debtor's case was converted to Chapter 7 on March 11, 2010, Salahi received notice of the conversion to Chapter 7.[1] D.E. 53, dated March 12, 2010. Salahi now contests the validity of the original bankruptcy petition.

The Trustee believes it is too late for Salahi to do that. It has been more than nineteen months since the filing of the Chapter 11 bankruptcy petition. Throughout that period creditors have been stayed from any attempt to dismember the Debtor's winery assets. In the Motion he

---

[1] Kevin R. McCarthy was appointed as successor Trustee on April 14, 2010.

filed on July 21, 2010, Salahi asks the Court to "expel" or "place on immediate stay" the bankruptcy. His premise is that the outcome of his power of attorney dispute with his mother Corinne, scheduled for trial in September 2010, will determine the Debtor's continued right to be in bankruptcy. The Trustee respectfully disagrees with Salahi.

In Hager v. Gibson (In re Preference, Ltd.), 108 F.3d 35 (4th Cir. 1997), the Fourth Circuit addressed similar objections by a debtor's 50% shareholder and director who had waited thirteen months before contesting the validity of the debtor's bankruptcy filing. Despite agreeing that the original filing had been deficient, the Fourth Circuit upheld the district court's ruling that the objector's "delay of more than a year in complaining of [the deficient filing] constituted a ratification" by the objector "which under Virginia corporate law validated, by relation back, the filing for jurisdictional purposes." Id. at 38, 41.

Here, of course, the wait has been much longer—nineteen months. An Idaho bankruptcy court recently held that a delay of even five months was grounds for ratification under state law. In re Sterling Mining Company, 2009 WL 2475302 (Bankr. D. Idaho). Salahi has the burden of proof for this kind of a motion. In re Comscape Telecommunications, Inc., 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010). Salahi has not met his burden of proof.

As for Salahi's request for a stay, as a practical matter the Trustee expects to maximize the value of the Debtor's assets by selling them if possible in conjunction with a sale of the real estate where they are currently located, which is owned by the Salahi Family Limited Partnership. Corinne Salahi is attempting to sell the real estate. The Trustee will in all likelihood wait at least until September to see how that effort progresses, which may fit within the pre-trial time frame of the stay contemplated by Salahi. Salahi states in his Motion that his power of attorney litigation with his mother Corinne is scheduled for trial in September 2010.

However, in the Trustee's judgment Salahi has not demonstrated a legal basis for a stay, and therefore the Court should not restrict the Trustee's discretion in how and when to sell the Debtor's assets.

The Trustee disputes some of Salahi's statements concerning access to the two-story building containing the Debtor's wine. Nick Arrington first arrived at the building in early May 2010 after a reported break-in and the apparent removal of wine owned by the bankruptcy estate. The outside door downstairs was already chain locked. He did not chain lock any doors himself, upstairs or downstairs. However, in order to prevent further dissipation of estate assets, and with the permission of Corinne Salahi and the Trustee, he had the locks changed on the outside doors upstairs. The Trustee then asked Salahi to contact Nick Arrington at a mutually agreeable time whenever he wanted access to the building. On June 8, 2010 the Trustee and Nick Arrington met Salahi and his wife at the building and let them in to remove some wine that belonged to them. In the meantime, Nick Arrington had conducted a complete inventory of the Debtor's assets. As a result of this inventory, and in order to avoid being placed in the middle of the on-going dispute between Salahi and his mother, on July 8, 2010 the Trustee informed Salahi by e-mail that starting July 12, 2010 access to the building would be a matter solely between him and his mother.

The Trustee also disputes some of Salahi's statements concerning spoilage of wine in tanks. Corinne Salahi and a former employee of the winery have told the Trustee and Nick Arrington that the wine is already bad. Records attached to the tanks show late 2007 as the last time they were serviced. On June 23, 2010 the Trustee e-mailed Salahi that the estate had no funds and asked whether he had any interest in paying to carbonate the wine in the tanks that he

thought was still good.[2] And on July 8, 2010 the Trustee e-mailed Salahi that the Trustee had no objection to Salahi's tending to the wine in the tanks.

        WHEREFORE, the Trustee requests that the attached Order be entered.

        Respectfully Submitted.

/s/ Kevin R. McCarthy
Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for the Trustee

CERTIFICATE OF SERVICE

        I hereby certify that on the 30th day of July, 2010 I served a copy of the foregoing, including proposed Order, through the court's ecf system on all registered ecf participants who have appeared in this case and mailed a copy of the foregoing, including proposed Order, by first class mail, postage prepaid, to the following:

Tareq Salahi
14139 Hume Road
Hume, VA 22639

Tareq Salahi
440 Scenic Overlook Drive
Front Royal, VA 22630

/s/ Kevin R. McCarthy
Kevin R. McCarthy

---

[2] This was an error. The Trustee later realized he actually has about $400 on hand. The Trustee received no response to the question.